## CAMP et al. v. CRUMP, Dist. Judge, et al.

No. 23074. Opinion Filed Sept. 6, 1932.

Rehearing Denied Oct. 18, 1932.

V. R. Biggers, A. M. Fowler, S. W. Biggers, and R. W. Fowler, for petitioners.

Dudley B. Buell, John L. Warren, and Frank L. Warren, for respondents.

McNEILL, J. This is an original action in this court instituted by the heirs of one Nitey, a deceased Seminole Indian, seeking a writ of prohibition against the county judge and the district judge of Seminole county from appointing the First National Bank of Holdenville as an executor of a purported last will and testament of said deceased.

It appears that said decedent died on the 17th of August, 1930, seized of valuable estate comprising restricted oil lands from which accumulations in the hands of the Department of the Interior amounted to more than $700,000. A special administrator was appointed by the court on August 18, 1930. On August 23, 1930, a petition was filed in the county court of said county, praying that a purported will of said decedent be admitted to probate. Objections to the probate thereof were duly filed and contestants alleged that said deceased did not have sufficient mental capacity to execute and understand said will and that the same was not executed in the manner provided by law. After a hearing the county court of said county made and entered its order rejecting said will to probate. An appeal was thereafter prosecuted from that judgment and order to the district court of said county. The Honorable Geo. C. Crump, as district judge of said county, made and entered an order and judgment reversing said order of the county court of said county and remanding said cause to the county court, with orders and direction to admit said will to probate and to appoint the First National Bank of Holdenville as executor of said last will and testament. An appeal from said judgment of the district court has been lodged in this court. It also appears that the Honorable George C. Crump, as district judge, made and entered a second order on the 26th day of October, 1931, directing the county judge of Seminole county to immediately appoint said bank as executor of said will, and that, upon receipt of said order, said county judge of said county court made and entered certain findings of fact and an order on the 14th of November, 1931, wherein said county judge specifically found: That there was no necessity pending said appeal to the Supreme Court for the appointment of said executor named in said will for the reason that the county court had heretofore appointed a special administrator in said estate, who was acting as such; that all the funds belonging to said estate were in the hands of the Department of the Interior; that the lands were restricted, lying and situated in said county; that it was not necessary to name the executor named in the will for the collection, prosecution,

and disposition of said estate pending said appeal to this court.

The county judge continued the hearing on the order of the district court, directing the appointment of the First National Bank of Holdenville for a period of five days to permit the contestants an opportunity to take such steps as they might determine to test the validity of the order of said district court, authorizing and directing the county court to appoint said bank as executor of said will. No supersedeas bond was given in the appeal to this court from said order and judgment of the district court.

Petitioners allege that the orders made by the district court were made in excess of its jurisdiction to make or enter the same. Petitioners pray that a writ of prohibition be directed to the Hon. George C. Crump, as judge of the district court of said county, and to the Honorable J. Henry Weston, as county judge of said county, prohibiting and restraining them from ordering or directing them to administer upon the said last will and testament of said deceased, pending the determination of the validity of said will upon appeal in this court.

It is contended that there should be no stay in the proceedings in the absence of the filing of a supersedeas bond. A supersedeas bond would serve no useful purpose in an appeal from the order and judgment in this case. Nichols v. State, 132 Okla. 298, 270 P. 567; State ex rel. Richardson v. Superior Court of King County (Wash.) 69 P. 375. If the instrument in question is not the last will and testament of said decedent, there should be no appointment of an executor under the will. Petitioners have a right to have this question determined by this court without the filing of a supersedeas bond. It is not urged that this appeal is not being prosecuted in good faith. The rights of the litigants should be preserved in a case of this kind so as to prevent the assets of said estate from being distributed to and dissipated by those who may not be in law entitled to receive the same. Under such circumstances, this court will supervise its control over inferior courts by proper orders so that whatever judgment may be rendered herein will not be ineffectual to the end that substantial justice may be done without prejudice to the rights of the litigants. The sole remedy by appeal would be manifestly inadequate if the county court should proceed and possibly close the administration of said estate before this court could determine the questions here on

appeal in the event this court would find the issues in favor of petitioners.

We conclude that the writ should issue for the purpose of preserving the estate for those who may be lawfully entitled to receive the benefits therefrom. No harm can result by staying or suspending all proceedings except such as may be necessary for the preservation of said estate pending the determination of the appeal filed with this court.

LESTER, C. J., and RILEY, CULLISON, and ANDREWS, JJ., concur. HEFNER and KORNEGAY, JJ., dissent. CLARK, V. C. J., and SWINDALL, J., absent.